## PITTSBURG, FORT WAYNE AND CHICAGO RAILWAY COMPANY

*v.*

## THOMAS BUMSTEAD.

1. NEGLIGENCE — *where plaintiff's negligence will not be deemed to have concurred in producing the injury.* In an action for negligence, it appeared that the person injured was a child about four years of age, living with his parents, in a house situated in close proximity to the railway track of the defendant; that the mother had left the child with his sister, a girl fourteen years of age, to attend, while she went to a neighbor's house, and, during her absence, the child strayed from the house, and while on a private road, used by the public, which crossed the track, and within the right of way of defendants, the accident complained of occurred, and was occasioned by a train of defendants coming in collision with a push car, which had been left on its track, shattering the car into pieces, a fragment of which struck the child, and produced the injuries charged. *Held :*

1st. That the child could not be considered as a trespasser on the right of way of defendants, nor his parents guilty of negligence in suffering him to stray there, as the injury was received while he was on a road used by the public, and where he had a right to be, in common with the rest of the public, until its use was prohibited by the company.

2d. Nor was the mother of the child guilty of negligence in leaving him in charge of his sister, a girl of the age of fourteen years, during her absence at a neighbor's house ; the evidence showing her to be fully competent for the charge.

2. Same—*what will be deemed negligence.* And in such case, where the proof showed that the push car, which collided with the train, had been loaned, by an agent of the company, to persons unaccustomed to its use, who had left it upon the track, whereby the collision occurred: *Held,* That the act of the agent was negligence, for which the company would be liable.

3. Same. And, also, that it was negligence of the grossest character, and for which the company must be held responsible, that the engine driver in charge of the train, refused, and neglected, to stop his train, against repeated signals by persons warning him of the approaching danger, when he might have done so, and thereby avoided such collision.

Appeal from the Circuit Court of Cook county; the Hon. Erastus S. Williams, Judge, presiding.

The opinion states the case.

Mr. E. A. Storrs, for the appellants.

Mr. David B. Lyman, for the appellee.

Mr. Chief Justice Breese delivered the opinion of the Court:

This was an action of trespass on the case, brought to the Cook Circuit Court, by Thomas Bumstead, against the Pittsburg, Fort Wayne and Chicago Railway Company, to recover damages for an injury to his minor son, occasioned by the careless management of the locomotive and train of the defendants. The injury occurred at a station, on the defendants' road, in the State of Indiana, called Castello.

The cause was tried by a jury, who returned a verdict against the defendants of four thousand five hundred dollars. A motion for a new trial was made by the defendants, which was overruled. On the plaintiff remitting, at the instance of the court, three thousand dollars of the verdict, thereupon judgment was entered against the defendants, for the sum of fifteen hundred dollars.

To reverse this judgment, the defendants have appealed to this court, and several points are made, which we will notice.

It appears the injured party was a child about four years of age, living with his parents, in close proximity to the defendants' railway track.  On the day of the accident, he was left, by his mother, who had occasion to visit a neighbor, in charge of his sister, a girl fourteen years of age, and while she was engaged in some necessary duty in the house, the boy, without her knowledge, left the house, and soon after was found, to all appearance, dead, near the track, and was taken up and brought to his house, one of his feet crushed, and otherwise wounded. It appears, a private cart road crossed the track near the dwelling of the boy's parents, which was used, without question, by every one who had occasion to use it.  It was on this road the accident occurred, and was occasioned by an express train running, with great velocity, into a push car in advance of it, going in the same direction of the train, and such was the force of the collision that the push car was shattered to pieces, a fragment of which struck the boy, who was on this private road, and some considerable distance from the place of collision.

The first point made by appellants is, that the child was a trespasser on appellants' right of way, and his parents, in suffering him to be there, were guilty of such a degree of negligence as to furnish a complete defense to the company for an injury which would not have occurred but for this wrongful intrusion, unless the company shall be shown to be guilty of negligence so gross as to imply a willingness to inflict the injury.

The place where the accident occurred was, in fact, on appellants' right of way, though not upon the track.  The boy was struck while on a road used by the public, which crossed the track, and where he, in common with the rest of the public, had a right to be, until the company should forbid, or prevent, so much of its right of way from use by the public.

The next point made by appellants is, that the parents of this child were guilty of great negligence in leaving him with his young sister. We can not perceive, admitting it is a duty of the most imperious obligation resting upon parents, to use vigilance in the care of their offspring of tender years, that the parents of this child were wanting in this requirement. A mother can not be always, at all hours, with her child, nor is there any necessity she should be, nor is it practicable. She must perform her accustomed avocations, and in one moment a child of four years of age may escape from her notice ; it can not be otherwise. The parents of this boy, the evidence shows, were in a very humble walk of life, who had, the mother especially, something more important to do than to watch her child, lest he came to harm. She had to contribute her labor to feed and clothe him, and it is unreasonable to demand she should have no other employment than to guard her child from danger. Leaving the child with his sister, a girl of fourteen years of age, and who appears, from her testimony, to be intelligent and affectionate, was not negligence. It was unavoidable, and she was trustworthy, and competent to take the charge of the child. What would be the public judgment of a rule of law which should forbid a mother to leave a child, four years of age, with his sister of fourteen, while the mother was providing for their sustenance, or enjoying herself by a short visit to a neighbor ? Such a rule would not receive the sanction of any court, and is not to be found in any adjudged case, or in any legislative enactment, and has no reason in its favor. There was no negligence of the mother, and the child was in a place where he had a right to be, and at a safe distance from the railroad track.

The remaining point is, there was no negligence on the part of those having the train in charge.

On this point, the evidence establishes negligence in two particulars; first, in loaning the push car to be used by

strangers, and second, in not stopping the train in time to avoid the collision.

The loan of the push car, by the company's agent, to persons not accustomed to its use, was a species of carelessness, nay, recklessness, with which we did not suppose a faithful and competent agent could be chargeable. When the agent loaned it, he knew it was in violation of his instructions, the result of which might be great pecuniary loss to his employers. His wrong act was, in part, the cause of this disaster, and life-long injury. But above and beyond this, the conduct of the engine driver, in charge of the express train, admits of no justification or palliation. It is impossible to believe he did not see the signals excited persons were making, warning the driver of danger, and it is beyond all controversy, he could, if he had been ordinarily careful, have stopped the train in time to avoid collision with the push car, which was in plain sight for more than a mile. The fact that he supposed the push car was under the conduct of section men, who would take it off the track on the approach of a train, is no justification for his recklessness in crushing it to pieces. He should have known the car was not under the control of railroad employees, by the fact they did not attempt to remove it from the track on the signal being given. Not attempting it, the driver should at once have slackened speed, and broke up the train. This he could easily have done, and it was negligence of the grossest kind in omitting it, and, for the consequences, the company must be responsible. A railroad company has no right to keep in its service such a reckless man.

It is also made a point by appellants, that the court erred in refusing to give instructions moved by them, numbered two, three, four and eleven.

The substance of number eleven was contained in the eighth instruction given for appellants, and the other instructions above specified were properly refused. Instruction numbered two, leaves out of view negligence of their employees in running

29—48th Ill.

the train, even if the child was a trespasser on the right of way, the driver had no right to run over him and crush him. Instruction three is liable to the same criticism, and so is number four.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*