## BERNHARD HUND

*v.*

## ANTON GEIER.

1. CONTRACT — *of a promise to pay expenses of a cure of one injured by servant of promisor.* A defendant, having obtained permission to haul earth over the ground and alleyway of the plaintiff, sent his son

with a team for that purpose, and whilst in the alleyway, one of the horses kicked and severely injured a little son of the plaintiff. The plaintiff employed a physician, and the next day the defendant called on the plaintiff and inquired what doctor he had, and, on being informed, told the plaintiff to get another, and he, the defendant, would pay all expenses of the cure: *Held,* that the defendant did not thereby become liable for the bill of the then attending physician, whatever it might be, but that he only intended to express his willingness to pay a reasonable bill, such as other physicians charged, and that he could in no event be held beyond that extent of liability.

2. CONSIDERATION — *what sufficient, to support a promise to pay damages.* If a servant, in the performance of his master's work, is guilty of negligence, whereby another is injured, the master will be liable, and such liability is a sufficient consideration to support a promise made by the master to pay the damages occasioned thereby, if made with the purpose of preventing a resort by the party damaged to legal proceedings.

3. And even if it is doubtful whether the act of the servant whereby the injury was inflicted was negligence, still, if the master promises to pay the damages with a view to prevent a resort to legal proceedings, and the damaged party accepts and acts upon it as a compromise, the consideration is sufficient.

4. CONTRIBUTORY *and comparative negligence.* Where a father sues for an injury to his child, his conduct must be free from blame, or his negligence at least should be slight and that of the defendant gross, to entitle him to recover. The rule is different where the child is the plaintiff in a suit to recover for the injury, as the same degree of care and diligence is not required of a child as of an adult.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. HAY & KNISPEL, for the appellant.

Mr. WILLIAM WINKELMAN, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It appears, from the record in this case, that appellant had obtained permission to haul earth over appellee's ground and alleyway; that he sent his son with a team of horses for the purpose, and that, whilst in the alley, appellee's little son, in passing the horses, was kicked and severely injured; that he

employed a physician to treat his wounds. The next day appellant went to the house of appellee and expressed sorrow for the accident, and asked appellee what doctor he had, and, on being informed, told appellee to get another, and promised to pay all expenses of the cure. After the boy was cured, and the physician had visited the boy thirty-six times, he presented a bill for $100, which appellee called on appellant to pay, but he refused, and said he would not pay the bill of that doctor. He himself testified that the reason he wished appellee to procure the services of another physician was, because Doctor Myer always charged twice as much as other doctors.

On appellant refusing to pay the bill, this suit was brought, before a justice of the peace, and appealed to the circuit court, where a trial was had by the court and a jury, resulting in a verdict and judgment for the amount of the bill, and the record is brought to this court, and we are asked to reverse it on the grounds that appellant is not bound by the promise, and that the court gave improper instructions.

We think it is but a fair inference, from the evidence, that appellant only intended to become liable on the condition that another physician was employed, or rather, that he was willing to pay a reasonable bill, such as other physicians charged; not that he would pay the bill, let it be what it might. Whilst willing to pay, he was only willing to pay what was fair and reasonable. This, we think, is the scope and extent of the promise, and he can in no event be held beyond that extent of liability. There is no evidence in the record tending to show that the charges for services rendered by the physician were reasonable and customary in the profession. He simply made out his bill, and appellee presented it to appellant for payment. For aught that appears, the charges may, as appellant feared, be double the amount other physicians would have charged. They may be exorbitant and unreasonable, and if so, there can be no pretense that appellant agreed to pay such charges. Had he said nothing in reference to this physician, the law would only imply that he was willing to pay reasonable compensation for the services.

It is urged that the promise by appellant was purely voluntary, and there was no consideration to support it. If the evidence shows that the son of appellant was guilty of negligence, and that such negligence was the cause of the injury, then appellant would have been liable, and such liability would have been a sufficient consideration to support the promise, if made with the purpose of preventing a resort by appellee to legal proceedings. Or even if it were doubtful whether there was such negligence, and the promise was made with that view, then the consideration would be sufficient, if accepted and acted upon by appellee as a compromise. But we fail to find any evidence that such was the purpose. Appellee was making no such claim, nor had he intimated an intention to sue, or even attached any blame to the acts of appellant or his son. On the contrary, he said the son was not to blame. The promise seems only to have been made from good feeling, and from sympathy for appellee in his misfortune.

There was nothing given to base the promise upon when it was made. So far as we can see, no liability was incurred on the faith of the promise. Appellee had already employed the physician, and, so far from changing his course on the promise being made, he declined to change physicians as appellant proposed when he made the promise. He therefore can not claim that he incurred liabilities on the faith of the promise, even if that would constitute a consideration. We fail to find, from the evidence, that there was any consideration to support the promise.

The question of negligence was not correctly stated to the jury. Appellant was only held to the use of all reasonable and proper precautions to prevent injury. He was not an insurer, although he was on appellant's ground, and he would not be liable unless the negligence of appellee was slight and that of appellant was gross, if both were guilty of negligence. On this question the instructions were wrong. Appellee, to have recovered against appellant, would have been required to show that he was free from negligence, or if he was not, that his negligence was slight, and that of appellant gross. Had the

child been a plaintiff, to recover for the injury, the rule would have been different, as the same degree of care and diligence is not required of a child as from an adult. See *The Chicago, Burlington and Quincy Railroad Company* v. *Dewey*, 26 Ill. 255. But where the father sues for an injury to a child, his conduct must be free from blame, or his negligence at least should be slight, and that of the defendant gross.

The first of appellant's refused instructions was correct, and should have been given, and the others that were given should have been modified so as to conform to the views here expressed.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*