# The Toledo, Wabash and Western Railway Company

*v.*

## Andrew J. Miller.

1. NEGLIGENCE—*care measured by the hazard and circumstances of the case.* No obligation rests upon a railroad company to slacken the ordinary speed of its trains before reaching a highway crossing in an open level country where persons seldom pass. Neither the law nor the public safety demands such precautionary measures. But a different duty is imposed in crossing a street or highway in a city or village where persons are constantly passing and repassing. Under such circumstances, a much higher degree of care is necessary to insure the public safety.

2. SAME—*death by negligence of boy's attendant.* In a case where the parents of a boy aged about nine years, intrusted him with a neighbor, and the two latter, in the neighbor's wagon, while crossing a railroad track, were struck by a passing train, going at its ordinary speed, and the boy killed, and the proof showed that the train was in plain view for a considerable distance before reaching the crossing, and that a bell was rung as required by law, and where a recovery was had against the company for causing the death of the boy, this court reversed the judgment, holding that the company was not responsible.

APPEAL from the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.

This was an action on the case, by Andrew J. Miller, administrator of the estate of James D. Miller, deceased, against the Toledo, Wabash and Western Railway Company,

to recover damages for negligently and wrongfully causing the death of the intestate.

A trial was had, the jury finding the defendant guilty, and assessing plaintiff's damages at $3500. The circuit court overruled a motion by defendant for a new trial, and rendered judgment on the verdict, and the defendant appealed.

Messrs. Nelson & Roby, and Mr. A. J. Gallagher, for the appellant.

Messrs. Crea & Ewing, and Messrs. Park & Lee, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

This action was brought by the administrator, under the statute, to recover damages resulting to the next of kin of James D. Miller, whose death was caused by a collision of the wagon, on which he was riding, with a passenger train on appellant's road.

It will not be necessary to consider all the points raised upon the record, for the reason that, in no view that can be taken, can the judgment be maintained. Our conclusion is, from a careful consideration of the entire case in all its phases, the verdict is contrary to the weight of the evidence.

When the accident occurred, deceased was on the wagon with the witness Jones. The road on which they approached the crossing ran east and west, and was crossed nearly at a right angle by the railroad. Some complaint is made as to the condition of the crossing and its approaches. But conceding they were defectively constructed, we do not see how that fact tended to produce the injury. The accident is not attributable to that cause, but to the thoughtless conduct of the witness Jones in driving his team upon the crossing without observing due caution. His attention must have been absorbed with other thoughts, and perhaps it never occurred

to him he was approaching a railroad crossing until he was in the midst of dangers from which he could not extricate himself and his little companion.

Whether the team suddenly became unmanageable and ran upon the track in front of the advancing train, according to the account the witness Jones gave of it at the time, is immaterial. All the witnesses concur that, had he been on the look-out, he could have seen the train when it emerged from the woods to the north in ample time to have stopped his team to allow it to pass. It will avail nothing to assert that he did not see it. There was nothing to prevent him from seeing it, and as he knew he was approaching a railroad crossing, the law made it his duty to look in either direction for it.

Positive testimony was given that the bell was rung for the requisite distance before reaching the crossing, and notwithstanding there were witnesses in the immediate vicinity who did not hear it, we must believe it was rung. Attention was called to the fact in the presence of the parties injured, and when witnesses say they then remembered the bell had been rung, it is hardly possible they can be mistaken. Implicit reliance must be placed on their testimony, or else it is corruptly false, and there is no reason shown for the latter belief. Nor is it shown the employees of the company were guilty of any negligence in running the train. It was behind time, but it was not being run at an unusual rate of speed. No obligation rested upon them to slacken the speed of the train before reaching a crossing, in the country, like this one, where persons seldom pass. Neither the law nor the public safety has demanded any such precautionary measures. But a different duty would be imposed in crossing a street or highway in a city or village where persons are constantly passing and repassing. Under such circumstances a much higher degree of care is necessary to insure the public safety. *St. L. A. and T. H. R. R.* v. *Manly*, 58 Ill. 300.

The deceased was a boy about nine years of age. He was too young to exercise much care for his personal safety. Perhaps no great degree of negligence could be imputed to him. But his parents had intrusted him, at least suffered him to be in the wagon with Jones on the highway, and if he failed to observe due care for their personal security, or thoughtlessly drove into dangers that were apparent to any ordinary observer, the railroad company is not responsible for the results.

Sad as was this accident to the plaintiff and his family, the evidence shows no ground for a recovery. The verdict is so plainly against the weight of the evidence, the judgment, for that reason alone, without passing on any other questions arising in the case, must be reversed.

*Judgment reversed.*