Moody v. Peterson.

ALEXANDER MOODY ET AL.

v.

JOHN PETERSON, Adm'r.

1. CONTRIBUTORY NEGLIGENCE—INSTRUCTION.—Where there is evidence tending to show negligence on the part of the plaintiff, an instruction as to the liability of the defendant, which ignores the question of contributory negligence, is erroneous.

2. SLIGHT AND GROSS NEGLIGENCE.—As applied to the question of contributory negligence, the words "slight," and "gross," are to a great extent relative terms. The doctrine of comparative negligence is founded upon a comparison of the negligence of the plaintiff with that of the defendant, and this element of comparison is of the very essence of the rule, and should be referred to in instructions upon that question.

APPEAL from the Superior Court of Cook county; the Hon. R. S. WILLIAMSON, Judge, presiding. Opinion filed May 31, 1882.

On the 5th day of June, 1880, Huldah Peterson, the plaintiff's intestate, a child about two and one half years of age, was run over and instantly killed on one of the public streets

of the city of Chicago, by a span of horses and wagon of the defendants, in charge of and driven by one of their employes. The plaintiff's action is based on an allegation that the death of said child was caused by the negligence of the driver, while the defendants insist that the parents of the deceased, in permitting her to be upon a public street of the city without suitable attendance or protection, were guilty of contributory negligence of such a degree as to preclude a recovery. There was evidence tending to sustain, and also evidence tending to rebut the charges of negligence on both sides, and the court, at the instance of the plaintiff, gave to the jury, among other instructions, the following:

5. "If the jury believe from the evidence that the defendants, or their servant as driver, were guilty of negligence as explained in these instructions, upon the occasion referred to, and that the deceased was injured thereby as stated in the declaration, and that the persons for whose use this suit was brought have sustained pecuniary loss by reason thereof, and also that the deceased or her parents, or either of them, were guilty of slight negligence which contributed to the injury, and without which the accident would not have happened, still the defendants are liable in this case, provided the jury further believe from the evidence, that the servant or driver of the defendants saw, or by the exercise of reasonable and ordinary care might have seen, the danger to which the deceased was exposed, in time to have avoided it, and by the exercise of ordinary care and prudence might have prevented the injury.

6. "If the jury should find from the evidence, that the defendants are guilty of the wrongful act, neglect or default as charged in the plaintiff's declaration, and that the same resulted in the death of the deceased, then the plaintiff is entitled to recover in this action, for the benefit of the next of kin of the deceased, such damages as the jury may deem, from the evidence, a fair and just compensation therefor, having reference only to the pecuniary injuries resulting from such death to such next of kin, not exceeding the amount claimed in the declaration."

The jury thereupon found the defendants guilty, and assessed the plaintiff's damages at $1,100. And the court, after denying the defendants' motion for a new trial, rendered judgment on the verdict in favor of the plaintiff.

Mr. A. C. Story and Mr. B. H. Vary, for appellants; that there must be evidence upon which the jury might reasonably and properly conclude there was negligence, cited Cotton v. Wood, 98 E. C. L. 566; Chicago v. Starr, 42 Ill. 178; Toorney v. R. W. Co. 91 E. C. L. 149; Belden v. Innes, 84 Ill. 79.

The parents of deceased were negligent, and this precludes a recovery: Wright v. Malden, 4 Allen, 289; T. W. & W. R. R. Co. v. Gradle, 88 Ill. 441; Chicago v. Starr, 42 Ill. 177; Callaghan v. Bean, 9 Allen, 401.

The plaintiff must be confined to the damages laid in his declaration: Quincy Coal Co. v. Hood, 77 Ill. 75; Baldwin v. R. R. Co. 4 Gray, 336.

Where the evidence is conflicting, each instruction must be correct in itself, without reference to any other: C. & A. R. R. Co. v. Murray, 62 Ill. 331; Wabash R. R. Co. v. Henks, 91 Ill. 413.

The instruction as to comparative negligence is erroneous: Austin v. N. J. Steamboat Co. 43 N. Y. 75; Card v. Harlem R. R. Co. 5 Barb. 130; Phillips v. Wilfress, 2 Lans. 389; Shearman and Redfield on Negligence, § 36.

It is error to single out certain facts, as to what does or does not constitute negligence: St. L. R. R. Co. v. Britz, 72 Ill. 256; Kolb v. O'Brien, 86 Ill. 210; Schmidt v. C. & N. W. R. R. Co. 83 Ill. 408; C. & A. R. R. Co. v. Pennell, 94 Ill. 455; Great Western R. R. Co. v. Haworth, 39 Ill. 349; Penn. Coal Co. v. Conlan, 101 Ill. 107.

The negligence of the parents, in the case of their child, may be imputed to the child: 2 Thompson on Negligence, 1184; Shearman and Redfield on Negligence, § 48; Chicago v. Major, 18 Ill. 349; Chicago v. Gregory, 58 Ill. 226; Chicago v. Starr, 42 Ill. 177; Chicago R. R. Co. v. Becker, 76 Ill. 25; Chicago v. Hesing, 83 Ill. 204; T. P. & W. R. R. Co. v. Grable, 88 Ill. 441; R. R. Co. v. Gladman, 15 Wall. 401; Ihl v. R. R. Co. 47 N. Y. 411.

Messrs. Smith & Burgett, for appellee; that the parents of deceased used as much precaution as could be reasonably expected of them, cited Chicago v. Major, 18 Ill. 349; C. & A. R. R. Co. v. Becker, 84 Ill. 483; Chicago v. Hesing, 83 Ill. 204; P. Ft. W. & C. R. R. Co. v. Bumstead, 48 Ill. 221; C. & A. R. R. Co. v. Gregory, 58 Ill. 226.

The driver's negligence was gross compared with that of the child: Kerr v. Forgue, 54 Ill. 482; C. & A. R. R. Co. v. Becker, 84 Ill. 483; Weick v. Lander, 75 Ill. 93.

Where the giving of excessive damages is not assigned for error, it will not be considered by the court: Pro. Life Ins. Co. v. Foote, 79 Ill. 361; Myers v. Andrews, 87 Ill. 433; I. B. & W. Ry. Co. v. Rhodes, 76 Ill. 285; Jackson v. Warren, 32 Ill. 331.

The damages are not excessive: C. & A. R. R. Co. v. Becker, 84 Ill. 483; Chicago v. Scholton, 75 Ill. 468; C. & A. R. R. Co. v. Shannon, 43 Ill. 338; Chicago v. Major, 18 Ill. 349; Chicago v. Hesing, 83 Ill. 204.

The father was entitled to the services of the child, and the law presumes a pecuniary loss; it was not necessary to declare specially for this loss; Chicago v. Scholton, 75 Ill. 468; C. & A. R. R. Co. v. Shannon, 43 Ill. 338; Quincy Coal Co. v. Hood, 77 Ill. 68.

The giving or refusing of mere abstract propositions of law is not error: Ill. Cent. R. R. Co. v. Swearingen, 47 Ill. 206; Ryan v. Donnelly, 71 Ill. 100; Corbin v. Shearer, 3 Gilm. 482; Bandalow v. The People 90 Ill. 218.

The instructions given for appellants fairly presented the law of their case: Walker v. Collins, 37 Ill. 362; Schwarz v. Schwarz, 26 Ill. 91; Twining v. Martin, 65 Ill. 157; Meyer v. Mead, 83 Ill. 19.

Substantial justice has been done and the judgment should be affirmed: Kimball v. Hildreth, 8 Allen, 167; Johnson v. Blackman, 11 Conn. 342; Curtis v. Sage, 35 Ill. 22; Hewitt v. Jones, 72 Ill. 218; Ryan v. Donnelly, 71 Ill. 100; Beseler v. Stephani, 71 Ill. 400; Strohm v. Hayes, 70 Ill. 41; Elam v. Badger, 23 Ill. 498.

Bailey, J.   The question of negligence in this case being

a question of fact, upon which the evidence was conflicting, it became highly important that the jury should be accurately instructed as to the rules of law applicable to that subject. The fifth and sixth instructions given to the jury at the instance of the plaintiff, however, are clearly erroneous, and the judgment must therefore be reversed.

The sixth instruction wholly ignores the question of negligence on the part of the parents of the deceased, and holds that, "If the jury should find from the evidence that the defendants are guilty of the wrongful act, neglect or default, as charged in the plaintiff's declaration, and that the same resulted in the death of the deceased, then the plaintiff is entitled to recover in this action." The objection to this instruction is too obvious to require comment. There being evidence tending to charge the parents of the deceased with contributory negligence the plaintiff was entitled to recover only in case the jury acquitted them of such charge, or found their negligence slight and that of the defendants gross, in comparison. Other instructions, it is true, attempted to submit to the jury the question of such contributory negligence, but in so far as they did so, they were in apparent conflict with the instruction under consideration, and we are unable to say that the jury may not have been controlled by this instruction rather than others. Its manifest tendency was both to confuse and mislead the jury.

The fifth instruction fails to state the rule as to comparative negligence with accuracy. It holds, in substance, that even if the parents of the deceased were guilty of slight negligence, contributing to the injury of which the deceased died, and that without such negligence the injury would not have happened, still the defendants are liable, if their servant or driver, by the exercise of reasonable and ordinary care, might have seen the danger to which the deceased was exposed in time to have averted it, and by the exercise of ordinary care and prudence might have prevented the injury. There are some decisions in this State which hold that a want of reasonable and ordinary care is gross negligence, and the instructions therefore may, perhaps, be understood as laying down the rule that slight negligence on the part of the plaintiff will not

Moody v. Peterson.

bar a recovery, if the evidence at the same time convicts the defendants of gross negligence.   It should be remembered however, that these words "gross" and "slight" as applied to this subject, are, to a great extent, relative terms.   Some acts of negligence, doubtless, are so trifling and others so aggravated in their character, as to be properly denominated slight or gross when subjected to any comparison.   But there are other acts which may properly be regarded as slight when compared with acts of negligence of a very much grosser and more aggravated character, and which, when compared with the most trifling failure to exercise the utmost care, would hardly come within the proper meaning of that term.   The doctrine of comparative negligence is founded upon a *comparison* of the negligence of the plaintiff with that of the defendants.   This element of comparison is of the very essence of the rule.   It must not only appear that the negligence of the plaintiff is slight, and that of the defendants gross, but also that they are so when compared with each other.   This comparison the instruction above referred to wholly omits.

The instruction is also objectionable in holding that the plaintiff might recover, notwithstanding slight negligence on the part of the parents of the deceased, if the defendants, by the use of ordinary and reasonable care and prudence, *might* have avoided the injury.   What *would* have resulted from the exercise of ordinary and reasonable care, the jury had a right to consider, but as to what *might* have resulted they had no right to speculate.   The former involved merely a consideration of probabilities, while the latter opened up the whole range of possibilities.   The jury should have been confined to the probable result of the exercise of reasonable care, and required to base their finding upon that, but an instruction so framed as to give free scope to imagination or conjecture was improper.

Many other questions are discussed by counsel, which we do not feel called upon to consider; but for the errors in giving the foregoing instructions, the judgment will be reversed, and the cause remanded.

*Judgment reversed.*