THE CHICAGO, MILWAUKEE AND ST. PAUL RY. CO.
v.
SAMUEL MASON.

*Railroads—Action for Damages for Causing Death of Child—Instructions—Comparative Negligence.*

1. An instruction stating the rule as to comparative negligence is defective, unless it requires the jury to compare the negligence of the respective parties and from such comparison determine whether the one is slight and the other gross.

2. Where the evidence is conflicting and the case one which appeals strongly to the sympathy of the jury, the instructions must be accurate and clear.

3. In an action by the father against a railroad company to recover damages for causing the death of a child of tender years, it is *held:* That the instructions for the plaintiff improperly ignored the question of the father's negligence; and that this error was not corrected by the instructions given for the defendant.

[Opinion filed December 7, 1888.]

APPEAL from the Circuit Court of Carroll County; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. JAMES SHAW, for appellant.

Mr. J. M. HUNTER, for appellee.

MORAN, J.   On the morning of Sunday, November 7, A. D. 1886, Eva Mason, a child between six and seven years old, was run over by a train of cars and killed upon the track of appellant, in the village of Thompson, in Carroll County.

At the time of the accident Eva was on her way to Sunday school in company with her elder sister, who was about eleven years of age.   Appellant's track runs north and south through the village, and parallel with it, and about 160 feet west of it is the track of the C. B. & N. R. R., which runs through one

of the fields of appellee, the father and administrator of the child Eva.

Appellee's house is about forty rods from the point on appellant's track where the accident occurred. The church to which the children were going to attend Sunday school is located southeast from appellee's house and distant about 375 feet from the place of the accident. The line which the children took in crossing appellant's track ran in a southeasterly direction, and followed what seems to have been a cow path, which these and other children were accustomed to travel in going to and fro, and it crossed the tracks of appellant at a point where there was, on the west side, a considerable embankment, down which the path led, and where there were located switches, frogs and the rails of three tracks. It was not a laid-out street or road, or regular crossing, and there was another path or sidewalk running from appellee's premises down the west side of the railroads to an open street of the village which leads over to the church, and which route was sometimes traveled by the Mason children, but not as frequently as was the shorter course by the cow path. The train which struck and killed the child was known as the " Flying Dutchman," and was running on that occasion as a wild train, that is to say, not on any regular or schedule time, and it passed through Thompson somewhat later than its usual time, and did not have occasion to, and did not stop at the depot in the village.

Appellee's evidence tended to show that as the children were crossing the track the foot of little Eva was caught in some manner in the track, and while she was, with the aid of her sister, trying to extricate it, the train came along at a high rate of speed and killed her; that the point at which she became fast in the track was in plain view of the servants of appellant in charge of the train for a distance of some thirteen hundred feet, as the train approached, and it is contended by appellee that the train was run through the village at what was, under the circumstances, a wild and reckless rate of speed, and that the servants of appellants could, by the exercise of ordinary care and caution, have seen the child on

the track in time to have stopped the train before running over her.

Appellant's evidence tended to prove that the train was running at a moderate rate of speed, not to exceed eighteen miles an hour; that the engineer and fireman were in their places keeping a look-out ahead; that the bell on the engine was ring'ng; that the children when first observed were on the embankment with no apparent intention of trying to cross before the train; that, when it had arrived within from seventy-five to one hundred feet from them, they suddenly started and went upon the track; that the older one got almost over and then turned and went back; that the engineer on seeing her at once blew the whistle and applied the air brakes; that the elder girl just escaped being struck; that the smaller one seemed to get confused and was struck just on the west rail and was killed.

Appellant denies that the child's foot was caught in the track, or that she fell before she was struck by the train. The evidence shows that appellee knew that the children were going to cross the track at that point; that he saw them start for Sunday school, and seeing a freight train coming from the north on the C., B. & N. road, followed the children some ways toward the gate opening from his premises, and called to them that they would have time to cross in front of this train, which they did and then went on toward appellant's track. That the father knew of the location of the switches and side tracks at the point where the path crossed appellant's line, and well understood the danger and inconvenience of the crossing, and it is contended by appellant that he was guilty of such negligence in permitting the children to go upon the tracks at such a place and under such circumstances as precludes his right to recover in this case.

It is also contended by appellant that the men in charge of the train were guilty of no negligence; that they did all in their power to stop the train as soon as the children were seen to be upon the track, but they went on so close to the approaching train that it was impossible to arrest its motion so as to prevent the injury.

The evidence introduced on the trial was voluminous and in many points conflicting, the case a most sad one, appealing strongly to the sympathy of a jury as it does to the sympathy of the court, and therefore it belongs to that class of cases where it is the duty of a reviewing court to set aside the verdict, if it appears from the record that an error of law was committed by the trial court injurious to the party against whom the verdict stands.

The appellee's right to recover depended upon his proving to the jury that appellant's servants were guilty of negligence which caused the injury, and that there was legally chargeable against appellee or his decedent no lack of ordinary care. The question of comparative negligence was involved, and the doctrine thereon was invoked by appellee in the ninth instruction given to the jury by the trial court. Said instruction as given, is as follows:

"The court instructs the jury that the question of the liability of the defendant does not depend wholly upon the absence of all negligence upon the part of the deceased, Eva Mason, but it depends upon the relative degree of care, or want of care, manifested by both parties as shown by the evidence. And in this case, although the jury may believe from the evidence that the deceased was not wholly without fault, yet, if they further believe from the evidence that the defendant was guilty of gross negligence upon the occasion referred to, and that the injury complained of was occasioned by such gross negligence, and further, that the negligence of the plaintiff was but slight, then the jury should find the defendant guilty and assess the plaintiff's damages at such sum as they may believe under the evidence he has sustained."

It will be observed that the instruction omits the substantial element of the doctrine of comparative negligence that requires the jury to compare the negligence of the respective parties, and from such comparison to determine whether the one is slight and the other gross. In C. & E. I. R. R. Co. v. O'Connor, 13 Ill. App. 65, this court said: "A plaintiff, though guilty of negligence contributing to the injury complained of, may still recover if his negligence is but slight,

and that of the defendant gross in comparison therewith. In stating the rule to the jury in an instruction, no material element of this formula can be properly omitted. Where a plaintiff is guilty of contributory negligence, before he can recover, it must appear, not only that his negligence is slight and that of the defendant gross, but that they are so when compared with each other. The element of comparison is as indispensable to a proper statement of the rule as are the degrees of the negligence of the respective parties;" and in E. St. L., B. & P. Co. v. Hightower, 92 Ill. 139, the rule is thus stated by the Supreme Court: "Where the plaintiff is guilty of contributory negligence, he can not recover unless it appears that his negligence was slight and that of the defendant gross in comparison with each other. Both terms must be stated to enable the jury to obtain a correct apprehension of the rule." See also Moody v. Paterson, 11 Ill. App. 180; Quinn v. Donovan, 85 Ill. 194; C. & A. R. R. Co. v. Johnson, 116 Ill. 206.

While it is not, under the rule now established, indispensable that the doctrine of comparative negligence be stated in the plaintiff's instructions, yet if an attempt is made to state the doctrine, it must be stated correctly. C. & E. I. R. R. Co. v. O'Connor, 119 Ill. 596. It is apparent that the instruction given was erroneous, and we do not find that the error was cured by any other instruction, if indeed it could be cured in such a case as is shown by the record.

We are of opinion that the court further erred in a matter more injurious to appellant than that already referred to, in ignoring, in the instruction given to the jury at the request of plaintiff, the question of the negligence of the father of the child. The court, in a number of instructions given at the request of the plaintiff, confined the jury, in their consideration of the care and caution that was required from the plaintiff, to that degree of care that could reasonably be expected to be found in a child of the age and mental capacity of said Eva Mason, and told the jury that if she exercised such care, then the plaintiff was entitled to recover. There was evidence before the jury that the father of the child was aware of the

dangerous character of the crossing, and that he knew that the children were about to cross at the point where the accident happened on the occasion when the child was killed—in fact, he had sent the children on their way.

The question of the father's negligence, or want of ordinary care, was in the case, and necessary to be passed on by the jury, and before the plaintiff could be entitled to recover it was as essential that the father should have been found to have exercised ordinary care, as it was that the child should be found to have exercised such care as ought to have been expected from one of her years. To leave out of the instructions, which purported to state to the jury all the elements necessary to plaintiff's right of recovery, the requirement of ordinary care on the part of the father, was as fatal as it would be to leave out the requirement of ordinary care on the part of the child. Here the action is not brought by the child, but by the father as administrator, for the benefit of the next of kin. Hund v. Grier, 72 Ill. 393; T. W. & W. Ry. Co. v. Grable, 88 Ill. 441.

The plaintiff's instructions should have contained the hypothesis that the appellee was free from negligence, or that, if he was not, his negligence was slight, and that of appellant gross in comparison therewith.

The fact that the court gave instructions on the part of the defendant which required that they should find appellee was free from negligence in order to entitle plaintiff to recover, does not cure the error in the plaintiff's instructions. Hoge v. The People, 117 Ill. 35. The jury were left to choose between conflicting instructions, and it is impossible for the court to determine which rule they followed.

Because of the errors indicated, the judgment must be reversed and the case remanded.

*Reversed and remanded.*