CHICAGO WEST DIVISION RAILWAY COMPANY

v.

LEO PATRICK RYAN, BY HIS NEXT FRIEND.

*Master and Servant—Street Railway Company—Negligence of Servant of—Injury to Third Person—Infant—Evidence—Instructions.*

1. It is no evidence of negligence in parents in modest circumstances, to allow an infant child to be taken upon the street in charge of a brother, aged fifteen years.

2. A claim that the child was injured through the negligence of its temporary guardian, can not be considered in the absence of evidence tending to show that the boy was known to be untrustworthy and incompetent.

3. In an action against a street car company to recover for a personal injury alleged to have been occasioned by the negligence of one of its drivers, this court declines to interfere with verdict for plaintiff.

[Opinion filed March 13, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. WILLIAM J. HYNES and EDMUND FURTHMANN, for appellant.

Messrs. ABBOTT, OLIVER & SHOWALTER, for appellee.

MORAN, J.  This was an action to recover damages for an injury to the appellee—an infant of the age of one year and four months—caused by his being run over by a street car

driven by one of appellant's servants. There was a verdict in favor of appellee and damages assessed at $1,750, for which amount judgment was rendered and the case is brought to this court by appeal.

The chief complaint of appellant is, that the court refused its instructions submitting to the jury the question of the negligence of the parents of the plaintiff in permitting him to be upon the street. The evidence tended to show that the child was allowed by its mother to be taken out on the street in a baby carriage by a brother of the child, who was about fifteen years of age.

After drawing the carriage around on the sidewalks for some time, the brother sat down on the edge of the sidewalk on Armour street, with his back toward the carriage, and watched some other boys who were playing a game of knife. While the brother's back was thus turned, appellee slipped under the strap which was buckled across the carriage in front of him, and got out, and walking along on the Armour street crossing, proceeded to cross Indiana street, on which the horse cars ran. When standing very close to the south rail of the track he was struck by the dash-board of one of appellant's cars and knocked down on the track in such a manner that his feet were caught under the car wheels and one of them so badly crushed that it had to be amputated.

Appellee was, of course, too young to exercise care for his own safety, and can not be charged with negligence, and the theory on which his claim for damages was presented, was that the driver of appellant's car could, by the exercise of ordinary care, have seen the perilous position in which the child was, in time to have stopped the car and avoided the injury. The jury were correctly instructed by the court upon the theory of appellee, and the verdict based on appellee's contention is supported by the evidence. Appellant contends that the evidence shows negligence on the part of the parents of appellee, and that their negligence should be imputed to him, and if found to have materially contributed to the injury, should bar a recovery. The cases in this State where the negligence of the parents has been treated as an element to be

C. W. D. Ry. Co. v. Ryan.

considered, seem to have been cases in which the action was brought by an administrator for the benefit of the next of kin. City of Chicago v. Major, 18 Ill. 349; City of Chicago v. Starr, 42 Ill. 174; F. W. & R. W. Co. v. Miller, 76 Ill. 278.

T. W. & W. Ry. Co. v. Grable, 88 Ill. 440, cited and relied on by appellant, was brought by the administrator, and the court recognized that fact in the following manner: " The intestate at the time of her death was only twenty-eight months old, and, of course, she was too young to exercise any care for her personal safety. But its parents, in whose custody the child was, must be charged with the duty of exercising reasonable care for its safety, and if, for the want of such care, the child was killed, it is apprehended there can be no recovery on behalf of the next of kin."

In cases where the father has sued for expenses incurred or for loss of services of a minor because of an injury, his negligence may bar a recovery. P., Ft. W. & C. R. R. Co. v. Bumstead, 48 Ill. 221; Hund v. Geier, 72 Ill. 393. Though an infant of tender years may recover against a wrongdoer for an injury which was partly caused by his own imprudent act, an adult father can not. 57 Penn. St. 172.

While there has been some discussion of the negligence of parents in cases where the action was brought by the infant, we recall no case in which the negligence of the parent has been imputed to the child so as to defeat recovery.

Assuming, however, that causes may arise in which the negligence of the parent will be imputed to the child, there is no occasion for applying the rule in this case. The father of appellee was the keeper of a small grocery and the mother attended to her household duties and aided in the store. It is no evidence of negligence in parents in such moderate condition in life that they allow a child a year and a half old to be taken on the street in the care of a brother of fifteen. Such parents are not required, while they are attending to their immediate duties, to give personal attention and oversight to their infant children in order to avoid the imputation of negligence. C. & A. R. R. Co. v. Gregory, 58 Ill. 229; City of Chicago v. Hesing, 83 Ill. 204; P., Ft. W. & C. R. R. Co. v. Bumstead, 48 Ill. 221.

If it were true, as contended by appellant, that the brother of appellee in whose charge he was at the time of the accident, was heedless in allowing the child to get out of the carriage and upon the street, such fact could not avail appellant. There is no evidence tending to show that the boy was known to be untrustworthy or incompetent to take care of the infant intrusted to him. If he acted negligently, his negligence is not to be imputed through the parents to the infant. Walters v. C., R. I. & P. R. R. Co., 41 Ia. 71.

There was no error then, in refusing appellant's instructions. Appellee could recover only on the ground that appellant's negligence caused the injury, and that the injury could have been avoided by the exercise of ordinary care on the part of the driver after he saw, or by ordinary diligence might have seen, the dangerous position in which appellee stood. There is no error and the judgment will therefore be affirmed.

*Judgment affirmed.*