HENRY DRESSEL

v.

SAMUEL G. LONSDALE ET AL.

*Husband and Wife—Partnership—New Trial—Damages.*

1. Excessive damages as a ground for a new trial must be specially assigned in the motion, or that ground is waived.
2. A husband may enter into partnership with his wife.
3. When they sue as joint plaintiffs. Sec. 34, Practice Act, dispenses with proof of their joint interest, though it may be disproved.
4. Presumptively a husband supplies the house.

[Opinion filed December 8, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

Messrs. M. A. RORKE & SON, for appellant.

No appearance for appellees.

MR. JUSTICE GARY. This was an action by the appellees for compensation for boarding the infant children of the appellant at his request. It was tried upon the testimony of the appellees solely, the appellant making no defense upon the merits, and having none.

Dressel v. Lonsdale.

All instructions asked on his behalf were given.

In the motion for a new trial no complaint is made of the amount of the verdict. Excessive damages as a ground for a new trial must be specially assigned in the motion, or that ground is waived. Linn v. Linderoth, 40 Ill. App. 320; Rice v. Heap, 46 Ill. App. 448.

The objection was made below, and insisted upon here, that the action should have been by the wife alone. It makes no difference to him whether the judgment is in favor of both or one; it bars another suit by either.

Husband and wife may contract with each other under the statute " Husband and Wife." Crum v. Sawyer, 132 Ill. 443. They may, therefore, enter into partnership with each other.

When they sue as joint plaintiffs, the statute (Sec. 34 Practice Act) dispenses with proof of their joint interest, though it may be disproved.

It is true that both appellees in the testifying spoke of the dealings as being between the appellant and the wife, but that is not inconsistent, no attention being called, while they were testifying, to that point, with some arrangement between the appellees for a division of profits.

The statute supplies the place of proof of some such arrangement, to the extent at least, that the verdict of the jury, which under the instruction given was in effect that the proof did not show a cause of action "in favor of one only," is not to be overturned. Touhy v. Daly, 27 Ill. App. 459.

The wife's earnings are her own. Presumptively the husband supplies the house. They might pool and divide.

The judgment is affirmed.

*Judgment affirmed.*