PATRICK H. FITZPATRICK ET AL.

v.

JAMES REILLY ET AL.

*Contracts—Breach—Damages.*

1. A husband and wife may be joint contractors.
2. Failure to file a plea denying joint liability operates in effect under
the statute (Sec. 35, Practice Act) as an implied admission, not conclu-
sive, that if there was a contract by either of several defendants, it was
the contract of all of them.

[Opinion filed December 14, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon.
FRANK BAKER, Judge, presiding.

. Mr. B. W. Veirs, for appellants.

Mr. E. F. Dunne and D. D. O'Brien, for appellees.

Mr. Justice Gary. The appellees sued the appellants for the breach of an alleged contract between the parties, by which the appellees undertook, in their calling of painters, decorators and paper hangers, a job of decorating upon the dwelling house in which appellants resided, and the appellants undertook to pay therefor $800.

The ground of action alleged is that after the contract was made, the appellants refused to permit the appellees to go on with the work, whereby they lost the profit of the job, $250, and $170 is the amount of the judgment recovered.

The appellants were the only witnesses on their side, and Reilly the only one on the side of the appellees. No complaint is, or can be made of the instructions. The jury saw the witnesses, and while, on paper, the testimony does not seem fairly to warrant the verdict, yet in fact, the whole question is as to the credibility of the witnesses. The opportunity of the jury to pass upon that question intelligently, was much better than we have, and a jury is the ancient, and by all American constitutions preserved, tribunal to decide it; we are bound to regard their determination as an impartial exercise of intelligence.

The fact that the appellants are husband and wife, is, according to ordinary experience, in conflict with the notion that they were joint contractors, but is not absolutely inconsistent with it. Touhy v. Daly, 27 Ill. App. 459; Dressel v. Lonsdale, 46 Ill. App. 454.

While Mr. Fitzpatrick speaks of " my house " and " my residence," yet there is nothing in the testimony incompatible with the idea that the house was the joint property, as the residence was the joint home, of himself and his wife, and that each of them had authority to contract for both. No plea denying joint liability was filed to throw the burden of proving it upon the appellees. Unless the evidence on one side or the other disproves joint liability, the statute

supplies the place of proof. Not filing such a plea operates in effect, under the statute, as an implied admission, not conclusive, that if there was a contract by either defendant, it was the contract of both of them. On the whole case, while in our individual opinions, injustice may be done by the verdict of the jury, we can find nothing in the record to justify us as a court, governed by established principles, in reversing the judgment. Shevalier v. Seager, 121 Ill. 564.

The verdict on which this judgment was entered was the second one in the case for appellees; the first, being for only nominal damages, was set aside on their motion.

There is a concurrence, therefore, of two juries on the question of the right of the appellees to maintain their action. Holcomb v. People, 79 Ill. 409.

The judgment is affirmed.

*Judgment affirmed.*

SHEPARD, J., dissents.