The Toledo, Wabash and Western Railway Company

*v.*

Lloyd L. Grable, Admr.

1. Negligence—*by parents of injured child.* The parents of a child of too tender age to exercise care, having its custody, are chargeable with the duty of exercising reasonable care for its personal safety, and if for the want of such care it is killed by a passing train of cars, no recovery can be had on behalf of the next of kin.

2. Same—*comparative.* Where there is negligence on the part of an injured party, or on the part of those charged with the care of the injured party, as, a child of tender years, contributing directly to produce the injury, there can be no recovery, unless such negligence is slight, and that of the defendant is gross in comparison, in regard to that which produced the injury. It is not sufficient that the defendant may have been guilty of a greater degree of negligence in respect to the producing cause of the injury.

3. Where a child of twenty-eight months of age was suffered by its parents to wander upon a railroad track, where it was killed by a passing train on its

usual time, or nearly so, and there was no fence or inclosure to prevent the child from going from its parents' house upon the track, and the child was not looked after until the whistle of the locomotive was sounded, it was doubted whether any recovery could be had by the next of kin.

4. INSTRUCTION—*when great accuracy is required.* In a suit against a railway company, to recover damages for the death of a child of tender years, if the evidence makes it a debatable point whether its parents exercised reasonable care for its safety, the jury ought to be most accurately instructed in relation to the doctrine of comparative negligence.

WRIT OF ERROR to the Circuit Court of Scott county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. DUMMER, BROWN & RUSSELL, for the plaintiff in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

On the 8th day of June, 1874, Dora Lena Shores was struck by a moving locomotive on defendant's road and was instantly killed. Its mother, while endeavoring to rescue her child from the imminent peril to which it was exposed, was also struck and killed by the same train. The residence occupied by the parents was situated near the track of defendant's road, with no fence or anything else to prevent the child from going upon the railroad whenever it chose to do so. Immediately before the accident occurred, the father and mother of the child were in the house; he was suffering from headache, and his wife was engaged in bathing his head. While so engaged, they heard the sound of the whistle upon the locomotive, and on observing that the child was not present, its mother went in search of it. After calling twice for her child she saw it either upon or coming upon the track in front of the advancing train, and flew with all possible haste to rescue it, but only succeeded in reaching it as it was struck by the locomotive, and was herself killed with her hand upon her child. The train that occasioned this most unfortunate accident was nearly, if not exactly, on its usual time, the same it had been running on for some considerable time previous. It must be, the parents of

the child knew the time the train would usually pass their house.   This action was brought by the administrator of the deceased child to recover damages resulting to the next of kin on account of its death.

Numerous questions have been elaborately argued by counsel for defendant, but we do not deem it necessary to remark upon all of them.   The intestate, at the time of her death, was only twenty-eight months old, and of course she was too young to exercise any care for her personal safety.   But its parents, in whose custody the child was, must be charged with the duty of exercising reasonable care for its safety, and if, for the want of such care, the child was killed, it is apprehended there can be no recover on behalf of the next of kin.   What degree of care the parents in this instance exercised for the personal safety of their child, was one of the vital questions involved in the case.   Taking the most favorable view possible for plaintiff, the evidence offered made it a debatable point whether the parents had exercised a reasonable care for their child, being of such tender age as to be wholly dependent upon them, and the jury ought to have been most accurately instructed in relation to the doctrine of the comparative negligence of the parties.   The fourth instruction given for plaintiff on this branch of the case is so faulty it may have misled the jury.   It asserts the proposition, that although the parents of the infant killed may have been guilty of slight negligence in suffering it to go beyond their sight, yet, if defendant was guilty of a "greater degree of negligence," plaintiff might nevertheless recover. This is not the law, as this court has had frequent occasion to declare.   Where there is negligence on the part of the injured party, or, as in this case, on the part of those charged with the care of the injured party, contributing directly to produce the injury, there can be no recovery unless such negligence is slight, and that of defendant is gross in comparison, in regard to that which caused the injury complained of.   It is not sufficient that defendant may have been guilty of a greater degree of negligence in respect to the producing cause of the injury.

This case has been examined with that care its importance demands, and without remarking upon the merits at any considerable length, it is nevertheless due to the parties to say it is extremely doubtful whether any recovery could be permitted to stand, under the facts as presented by this record. The case is a very sad one, and calculated to touch the sympathies. It may be the erroneous instruction given for plaintiff may have afforded the jury a pretext for finding the verdict they did, in accordance with their sympathies, without reference to the merits of the case. If correctly understood, and we are to presume it was, it could not but be hurtful to the defense, and ought not to have been given.

The judgment will be reversed, and the cause remanded.

*Judgment reversed.*