FREDERICK E. OHNESORGE *et al.* Admrs., Appellants, *vs.* THE CHICAGO CITY RAILWAY COMPANY, Appellee.

*Opinion filed June 18, 1913—Rehearing denied October 16, 1913.*

1. NEGLIGENCE—*right to maintain an action for personal injury does not depend upon any statute.* The right of a person to maintain an action to recover damages for injuries which he has sustained through another's negligence has always existed wherever the common law of England is in force, and such right does not have its origin in any statute.

2. SAME—*Injuries act of 1853 is not a survival statute.* The Injuries act of 1853, which has been in force ever since, and which requires compensation for causing death by wrongful act, neglect or default, and provides that suit therefor shall be brought in the name of the personal representative for the benefit of the widow and next of kin, created a new cause of action not before existing in Illinois, and was not intended as a survival statute.

3. SAME—*purpose of the Injuries act of 1853.* The purpose of the Injuries act of 1853 was not to enable the widow and next of kin to recover for the pain and suffering of the deceased or for

medical and other expenses attending the injury, but was to compensate them for the pecuniary loss sustained by reason of the death of the injured person.

4. SAME—*extent to which Survival act of 1872 applies.* The Survival act of 1872, amending section 123 of the Administration act, and providing that "actions to recover damages for an injury to the person, except slander and libel," shall survive the death of the person injured, has reference only to cases where the injured person dies from some cause other than his injuries, and if the death is the result of his injuries then the action must be brought under the Injuries act.

5. SAME—*contributory negligence of parent bars action by administrator for death of child.* While an action by a child of tender years for damages for injuries occasioned by the defendant's negligence is not defeated in Illinois by the fact that the parent having the care of the child at the time was guilty of contributory negligence, yet if the child is killed the contributory negligence of the parent is a bar to a recovery by the administrator of the child under section 1 of the Injuries act.

6. STARE DECISIS—*rule of stare decisis is important to maintain the stability of the law.* The stability of the rules of law by which the rights of citizens are determined is always of the highest concern in courts of last resort, and rules of law once well established ought not to be lightly set aside.

APPEAL from the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding.

JAMES C. McSHANE, for appellants.

FRANKLIN B. HUSSEY, and C. LEROY BROWN, (LEONARD A. BUSBY, of counsel,) for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Frederick E. Ohnesorge and George D. Stuart, as administrators of the estate of William A. Ohnesorge, deceased, brought an action in case in the superior court of Cook county against the Chicago City Railway Company and obtained a verdict for $2500, on which judgment was

afterwards pronounced, for damages to the next of kin resulting from the negligent killing of plaintiff's intestate. Branch "B" of the Appellate Court for the First District reversed the judgment below without remanding the cause, and incorporated in its judgment the following finding of facts: "And the court, upon the allegations and proofs in the record in this cause contained, finds that Frederick E. Ohnesorge, the father of deceased, had personal charge of deceased at the time of the accident in question, and that Frederick E. Ohnesorge was guilty of negligence which directly contributed to the injury and consequent death of the deceased." The Appellate Court being of the opinion that the record involves questions of law, on account of principal and collateral interests, of such importance that the case should be passed upon by this court, granted a certificate of importance and allowed an appeal, which has been perfected by the administrators, and the cause is thus brought before this court for our consideration.

The facts need only a brief statement. At the time William A. Ohnesorge was killed he was a child three years and nine months old, and resided with his father, mother and older brother in the city of Chicago. On December 20, 1908, the father of the deceased had occasion to cross Halsted street at the intersection of Sixty-first street. At the time of the accident appellee operated a double-track railway upon Halsted street. The deceased, in company with his father, started to walk across Halsted street upon the cross-walk at the south side of Sixty-first street. Halsted street runs north and south. The deceased and his father were on the west side of Halsted street and on the south side of Sixty-first street. In going east across Halsted street it was necessary to cross the north-bound and south-bound tracks of appellee. When they came to the first track a south-bound car was standing with its rear end about even with the cross-walk, or, as some of the evidence tends to show, with its rear end a few feet north of the cross-

walk. Before starting to cross Halsted street the father of deceased testifies that he looked south on Halsted street and saw the headlight of a north-bound car on the easterly or north-bound track. He thought that the car was some eight hundred feet south of him. The father, leading deceased by the hand, walked north far enough to pass the north end of the south-bound car that was immediately in front of him. He stepped upon the north-bound track and a north-bound car struck both the father and child. The father was severely injured and the child was killed.

There is no evidence that the father made any effort to discover the approach of the north-bound car before stepping upon the easterly track. The contributory negligence of the father of the deceased being conclusively established by the finding of the Appellate Court, the only question open for consideration in this court is whether the Appellate Court properly applied the law to the facts so found.

The question presented is whether the contributory negligence of a father who is in the personal control of his child at the time such child is killed by the negligent act of another is a bar to a suit brought by the personal representative for the benefit of the next of kin. Appellants' position upon this question is that the contributory negligence of the father is not a bar to the action by the administrator, since it is the settled law of this State that in a suit by a child who is merely injured, to recover damages, the contributory negligence of the father will not defeat the action brought by the child. This proposition must be conceded as sound law under the decisions of this court. *Chicago City Railway Co.* v. *Wilcox,* 138 Ill. 370; *Chicago City Railway Co.* v. *Tuohy,* 196 id. 410; *Richardson* v. *Nelson,* 221 id. 254; *Perryman* v. *Chicago City Railway Co.* 242 id. 269.

Having established the proposition that the deceased child might have recovered for the injury had death not resulted, notwithstanding the contributory negligence of the

father, appellants' second proposition is based on section 1 of our statute on injuries. That section is as follows: "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony."

Appellants contend that this statute gives a right of action, in case of death, in all cases where the injured party might have maintained an action for the injury had death not resulted. Appellants' construction of this statute is not without plausible reason, and there is some authority in other jurisdictions which supports the construction contended for, where the question has arisen under statutes very similar to ours. Appellants' position receives varying degrees of support. In Alabama—*Southern Railway Co. v. Shift,* 169 Ala. 327; 53 So. Rep. 150; *City of Birmingham* v. *Crane,* 56 So. Rep. 725. In Connecticut—*Wilmot* v. *McPadden,* 78 Conn. 276; 61 Atl. Rep. 1069. In Iowa— *Wymore* v. *Mahaska County,* 78 Iowa, 399; 43 N. W. Rep. 264; *Bradshaw* v. *Frazer,* 113 Iowa, 583; 85 N. W. Rep. 752. In New Hampshire—*Warren* v. *Manchester Street Railway,* 70 N. H. 362; 47 Atl. Rep. 735. In New York— *Lewin* v. *Lehigh Valley Railroad Co.* 52 App. Div. 70; *Stenson* v. *Flick Construction Co.* 130 N. Y. Supp. 557; *McKay* v. *Syracuse Rapid Transit Co.* 208 N. Y. 359. In Ohio—*Davis* v. *Guarnieri,* 45 Ohio St. 470; 15 N. E. Rep. 350; *Wolf* v. *Lake Erie and Western Railroad Co.* 55 Ohio St. 517; 45 N. E. Rep. 708; *Cleveland, Akron and Columbia Railway Co.* v. *Workman,* 66 Ohio St. 509; 64 N. E. Rep. 582.

Some of the above cases hold that the contributory neg-
ligence of the parent is no defense in bar of a suit by the
representative of a deceased child, while others hold that
the contributory negligence may be shown in mitigation of
damages by deducting the share that the guilty parent would
otherwise be entitled to, but that such contributory negli-
gence would not bar the rights of other unoffending next
of kin.   This latter view has been taken by the Appellate
Court for the Fourth District of this State in *Donk Bros.
Coal and Coke Co.* v. *Leavitt,* 109 Ill. App. 385, and by the
Appellate Court for the First District in *Chicago City Rail-
way Co.* v. *McKeon,* 143 Ill. App. 598.   In both of these
decisions of the Appellate Court it seems to be assumed
that the question is an open one in this State, and some of
the decisions which have a bearing upon the question are
referred to and an attempt made to distinguish them from
the cases then before the court.   The two Appellate Court
cases above referred to and the decisions above cited from
other States, together with some references to text books,
are the authorities upon which the appellants rely.   On the
other hand, the appellee contends that the question has been
authoritatively settled by previous decisions of this court,
and that the rule established in this State is in accordance
with the decided weight of authority in other jurisdictions.

The right to maintain an action by one who without his
fault has suffered a personal injury through the negligence
or wrongful act of another has always existed wherever
the common law of England was in force.   This right is
not created by the legislature and our statute on injuries
has nothing to do with it.   Under the common law an ac-
tion for personal injury did not survive the death of the
person injured, and prior to the Survival act of 1872 it was
the law of this State that an action for damages for per-
sonal injury abated with the death of the injured party in
all cases where the death was not the result of the injury.
(*Holton* v. *Daly,* 106 Ill. 131.)   In 1853 the legislature

passed an act, which has been in force ever since, requiring compensation for causing death by wrongful act, neglect or default, and providing that suit therefor should be brought in the name of the personal representative for the benefit of the widow and next of kin. This statute was not a survival statute. It did not continue to the personal representative the cause of action that the injured party had under the common law, but it created a new and independent cause of action never before that time recognized as existing in this State. The cause of action brought by the personal representative was not intended to permit the widow and next of kin to recover for the pain and suffering of the deceased or for medical attendance and other expenses incurred in and about being healed of the injury. It was not designed by the legislature to give damages for any injury received by the deceased, but to create a cause of action in the name of the administrator for the pecuniary loss which the widow and next of kin may have sustained by reason of the death of the injured person, and the damages, when collected, were distributed, under the statute, to the widow and next of kin according to the rules for the distribution of personal property of persons dying intestate. The funds arising from this source were not a part of the estate of the deceased person and had never been held to be liable to the claims of creditors. The action is for the sole benefit of the widow and next of kin, and is given to compensate them for the pecuniary loss sustained by the death of the husband or relative. (*Chicago and Rock Island Railroad Co.* v. *Morris,* 26 Ill. 400.) Since the passage of the amendment to section 123 of the act on administration of estates, approved April 1, 1872, "actions to recover damages for an injury to the person, except slander and libel," survive the death of the person injured, but it was held in *Holton* v. *Daly, supra,* that the action only survived in cases where the death was from some cause other than the injury. If death resulted from the injury the only

action that could be maintained was by the personal representative under the Injuries statute of 1853. The entire separation of the two causes of action and the independence of each of the other may be illustrated by supposing that a person receives an injury, for which suit is brought by him, a recovery had and judgment satisfied. Afterwards the injured party dies from the effect of the injury. The recovery by the deceased, in his lifetime, for the injury sustained by him, under a common law action, would not bar a suit by his personal representative for the benefit of the widow and next of kin under the statute of 1853. (*Holton* v. *Daly, supra.*) We will now consider the question directly involved.

One of the first cases that arose under the act of 1853 was *City of Chicago* v. *Major*, 18 Ill. 349. In that case the father and administrator of a child four years of age brought a suit against the city of Chicago for negligence resulting in the death of the child. The city had constructed a reservoir or water tank for the purpose of collecting water to be used by the city. The tank was square in shape, constructed of wood and sunken to the depth of several feet below the surface. The top of the tank was about three feet above the street level. The water in the tank had a depth of seven feet. The covering over the reservoir had an opening in it. The child fell into the tank through the opening and was drowned. The question of the contributory negligence of the parents in allowing the child to go upon the street unattended was involved, and in commenting upon instructions given to the jury upon that question, this court, speaking by Mr. Justice Caton, on page 361 said: "In this as in all other cases it must be left to the jury to determine whether the parents of the child have been guilty of negligence in suffering the child to be in the streets. On this point the court justly instructed the jury in the last instruction. The jury were there told that they must believe, from the evidence, that

the defendant was guilty of negligence which produced the injury in not keeping the tank in repair, and also that its parents were not guilty of negligence; and in another part of the charge they were told that the burden of proof rested on the plaintiff to show not only negligence on the part of the city but also that the parents were not negligent. We are satisfied that the court committed no error in its decision on the questions of law which arose on the trial."

*City of Chicago* v. *Starr,* 42 Ill. 174, was another case brought, under the statute, for the death of a child six years old. The evidence in that case showed that the city of Chicago had permitted a large counter to remain upon the sidewalk of one of the public streets for two or three weeks prior to the accident. The counter was leaning against a board fence and occupied two or three feet of the sidewalk, leaving ample space for pedestrians to pass to and fro on the sidewalk. The deceased, with a number of other children, was playing upon the street and the counter was pushed over or fell, causing the death of the child. At the time this decision was rendered the doctrine of comparative negligence was recognized in this State. The court, in an opinion by Mr. Justice Lawrence, discussed the evidence, and reached the conclusion that while the city was negligent in permitting the counter to remain upon the sidewalk, the negligence of the parents in permitting the deceased, a child six years of age, to go upon the street six blocks away from home was much greater in degree than the negligence of the city. The judgment was reversed for the sole reason that the evidence showed a degree of negligence on the part of the parents that precluded a recovery, even under the rule of comparative negligence.

The case of *Toledo, Wabash and Western Railway Co.* v. *Grable,* 88 Ill. 441, was a suit by the administrator for negligence resulting in the death of a child twenty-eight months of age. The child was permitted to wander alone onto the railroad track. The mother, hearing the train

coming, ran to rescue the child. She reached the track only in time to be struck by the locomotive, and both she and the child were killed. A recovery was had, which was reversed by this court for error in instructions in relation to the, degree of care required of the parties. On page 443 this court, speaking by Mr. Justice Scott, said: "Where there is negligence on the part of the injured party, or, as in this case, on the part of those charged with the care of the injured party, contributing directly to produce the injury, there can be no recovery unless such negligence is slight and that of the defendant is gross in comparison, in regard to that which caused the injury complained of."

The case of *Chicago City Railway Co.* v. *Wilcox,* 138 Ill. 370, was a suit brought by a minor, by his next friend, for personal injury. In that case this court considered the questions involved with great care. The previous cases in this State were re-examined. One of the contentions made there was, that the contributory negligence of the parent was a bar to the suit brought for the benefit of the child. The court there for the first time distinguished between that case and a suit brought by the parent for loss of service or under the statute for wrongfully causing the death of a child, and it was held that contributory negligence was no defense to the suit by the child brought for compensation for his injuries, while if the suit were under the statute for causing the death of the child, or by a parent for loss of service, the doctrine of contributory negligence would apply.

In the case of *City of Pekin* v. *McMahon,* 154 Ill. 141, this court again announced the rule that contributory negligence of the parents is a defense to an action brought by the administrator for negligently causing the death of a child. A child eight years old was drowned while playing on some floating timbers in a pit filled with water, which was under the control of and maintained by the city. Mr. Justice Magruder, who delivered the opinion of the court, on page 153 said: "In *Chicago City Railway Co.* v. *Wil-*

*cox,* 138 Ill. 370, we held that where a suit for damages caused by the negligence of the defendant is brought by a child of tender years, the negligence of his parents cannot be imputed to him in support of the defense of contributory negligence. Here, however, the suit is brought by the father, as administrator of a deceased child. In such a case the contributory negligence of the parents, if it exists, may be shown in bar of the action."

*Chicago and Alton Railroad Co.* v. *Logue,* 158 Ill. 621, was an action, under the statute, for negligently causing the death of a child twenty-one months old. The opinion recognizes the rule of the previous cases that the contributory negligence of the parents, if established, would prevent a recovery, but under the evidence in that case the question of contributory negligence was regarded as one of fact and the judgment of the Appellate Court was affirmed. The case is, however, a direct authority in support of the general proposition that in a suit by the personal representative of a deceased child contributory negligence of the parent is a bar to the action.

*True & True Co.* v. *Woda,* 201 Ill. 315, is another case where the previous decisions upon the point under consideration were re-affirmed. While in that case, as in the *Logue case, supra,* the evidence was not regarded as sufficient to warrant the court in taking the case from the jury on the question of contributory negligence, still the rule recognizing that defense was adhered to; and the same doctrine is re-announced in the case of *Illinois Central Railroad Co.* v. *Warriner,* 229 Ill. 91.

In view of the numerous decisions of this court holding that the contributory negligence of the parents of a child, when established, is a bar to an action by the administrator to recover damages for the death of such child under the statute, it is not necessary to examine the question in the light of authorities in other jurisdictions. From the foregoing review of our own decisions the doctrine would

seem to be too firmly established to be called in question at this time.

Counsel for appellants has with great earnestness and ability urged upon our attention a re-consideration of the reasons upon which the previous holdings of this court rest, and, in effect, we are asked to overrule these decisions and to give to the statute a construction which would exclude the doctrine of contributory negligence as a defense, because the statute declares that "whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the injured party to maintain an action," then the action may be maintained by the representative for the benefit of the next of kin. It is argued that since, if the child had not been killed, contributory negligence of the parent would be no defense, therefore, death having resulted, the same evidence which would authorize the recovery by the child ought to sustain an action by the personal representative. If this question were an open one in this court appellants' argument would be entitled to serious consideration, but this court has ever regarded the rule of *stare decisis,* and under that rule we are required to adhere to our previous decisions. The stability of the rules of law by which the rights of citizens are determined is always of the highest concern of courts of last resort. Rules of law once well established ought not to be lightly annulled and new foundations laid, which would result in a restless instability and unending uncertainty as to what the law is. If the maxim of *stare decisis* be disregarded and every case determined according to the way in which the court might be disposed to regard it if it were a matter of first impression, the result would be continued confusion and endless fluctuations. The rules changing with the varying views of the persons who happen, for the time being, to be members of the court, the legal profession would never be able to know, with any degree of certainty,

what to expect under any given state of facts. As was well said by the Supreme Court of Virginia: "Without the observance of *stare decisis* the law is divested of one of its most important attributes, becomes fluctuating and capricious, and instead of being a steady light to guide or shield to protect, becomes an *ignis fatuus* to mislead or a snare to entrap the citizen." *Perkins* v. *Clements*, 1 Pat. & H. 141.

The finding by the Appellate Court that the father of the deceased child was guilty of contributory negligence conclusively establishes a fact·which, under the law, is an absolute bar to a recovery. The judgment is affirmed.

*Judgment affirmed.*