Gertrude Klassens, Administratrix of the Estate of Benjamin Klassens, Deceased, Plaintiff in Error, v. Chicago City Railway Company et al., Defendants in Error.

## Gen. No. 27,928.

STREET RAILWAYS—*when shown as a matter of law not negligent in crossing collision.* A judgment in favor of defendant street railway company after verdict by the jury in an action for damages for the death of plaintiff's intestate will not be reversed for alleged error of the trial court in rulings on evidence and in instructing the jury that negligence of intestate's adult son, who was operating the motorcycle on which decedent was riding when the fatal accident occurred, was imputable to decedent, where the evidence shows that the motorcycle struck the street car near the front end after the front end of the car had passed across the intersecting street and was beyond the sidewalk line, that the motorcycle was running at a high rate of speed and the street car at a less rate, and the physical facts disprove the claim of want of negligence by the son and the evidence shows as a matter of law that defendant was not negligent.

Error by plaintiff to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1922. Affirmed. Opinion filed October 17, 1923. Rehearing denied November 2, 1923.

JACOB L. LEVY and BENJ. M. THOMAS, for plaintiff in error.

CHARLES LEROY BROWN, for defendants in error; JOHN R. GUILLIAMS, FRANK L. KRIETE and WARNER H. ROBINSON, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff, as administratrix of the estate of Benjamin Klassens, deceased, brought suit against the defendant street railway companies, to recover damages claimed on account of the negligent operation of one of its street cars, as a result of which it collided with a motorcycle upon which the deceased was riding and fatally injured him. There was a trial before a judge and a jury, and a verdict in defendant's favor upon which judgment was entered.

The evidence shows that the deceased was fifty-two years of age and lived with his family at No. 6102 Honore street, a north and south street, two blocks south of 59th street, an east and west street, on which latter street the defendant operated a double line of street cars; that the son of the deceased, who was about twenty-four years of age, lived with his father and family and owned and rode a motorcycle for about three years prior to the time in question; that on the evening of July 24, 1919, it being still daylight, Leonard, the son, took his father for a ride on the motorcycle. The father had never ridden on one before. He sat behind Leonard, who was driving the motorcycle north in Honore street and when it reached 59th street, there was a collision between the motorcycle and one of the defendant's westbound street cars. The deceased was thrown against the side of the car and fatally injured. He left surviving him a widow and four children, the youngest of whom was sixteen years of age.

Plaintiff's position seems to be that the motorcycle was being driven, just prior to the collision, at the rate of five or six miles per hour, and when it reached

a point between the two street car tracks at the street intersection, the street car was twenty-five to forty feet east of this point traveling at about twenty-five miles per hour; that when Leonard first saw the street car he turned towards the northwest, endeavoring to avoid a collision; that he was unable to do so, the front end of the street car striking the right-hand side of the motorcycle, thereby throwing the deceased against the side of the car, fatally injuring him.

On the other hand the defendant's version of the occurrence was that the street car was running from ten to fifteen miles per hour west in 59th street; that Honore street was a "skip-stop" street—one at which street cars did not stop; that the motorcycle was coming north in Honore street five or six feet west of the east curb, running very rapidly; that when the street car reached the east line of Honore street, the motorcycle was about seventy-five feet south, and when the front end of the street car was west of the west crosswalk, the motorcycle ran into the front vestibule door on the south side of the street car.

Plaintiff contends that the court was in error in refusing to permit the widow of the deceased to testify as to the earnings of her husband in his lifetime, and that he supported her and the family; that there was further error in allowing a witness to testify that prior to the accident Leonard was in the habit of riding the motorcycle at twenty to thirty-five miles per hour in his home neighborhood, there being no evidence that the father knew of this practice. And a further objection is that the court erroneously instructed the jury that no recovery could be had if Leonard, the driver of the motorcycle, was guilty of negligence, which was a proximate cause of the collision, for the negligence of Leonard, if shown, was imputable to the deceased; that the error in giving this instruction was not cured by the giving of contrary instructions on behalf of the plaintiff.

Even if there was error, as contended, we think it

should not bring about a reversal, because, in the view we take of the case, no verdict would be justified under the evidence, except one finding defendants not guilty. *Chicago City Ry. Co. v. Wilcox*, 138 Ill. 370. We might say, however, that it is doubtful whether the court was in error in instructing the jury that no recovery could be had, if they found that Leonard, the adult son, was guilty of negligence which proximately brought about the death of the father (*Ohnesorge v. Chicago City Ry. Co.*, 259 Ill. 424; 17 Corpus Juris 1244), as it seems to be the law that no one is permitted to recover damages which were occasioned by his own negligence, although another division of this court, in the case of *Deming v. Chicago Rys. Co.*, 222 Ill. App. 645, held in more or less of a dictum that the negligence of an adult beneficiary in a suit brought for the wrongful death under the Injuries Act was not imputable to the deceased, and would not bar a recovery. However, we do not base our decision on this point, but place it upon the merits that the evidence, as a matter of fact, shows that the defendants were not guilty of any negligence which brought about the death of the deceased.

Each side called five occurrence witnesses, but we think it would serve no useful purpose to discuss or analyze their testimony in detail. All the evidence in the record shows that the motorcycle crashed into the south vestibule door near the front end of the street car, when the front end of the street car was west of the west crosswalk of Honore street. In our opinion it is further clearly established by the evidence that Leonard was driving the motorcycle at a very rapid rate of speed and that the street car was running at about fifteen miles per hour. The physical facts show that the motorcycle was not being driven at five or six miles per hour, because, if it were, a collision would not have occurred near the

crosswalk, nor would the vestibule door be smashed in by the impact. We think that the only reasonable conclusion that can be reached from the evidence is that the defendants were not guilty of negligence in the operation of the street car, therefore, the judgment of the trial court is affirmed.

*Affirmed.*

TAYLOR, P. J., and THOMSON, J., concur.