## MARTINEAU v. EASTERN AIR LINES, Inc.

### Civil Action No. 45 C 1657.

District Court, N. D. Illinois, E. D.

Jan. 25, 1946.

---

236

William H. DeParcq, of Chicago, Ill., for plaintiff.

Eckert & Peterson, of Chicago, Ill., for defendant.

CAMPBELL, District Judge.

The plaintiff, as administrator, brings this action on behalf of the decedent's widow and child, for the wrongful death of the decedent, alleged to have resulted in South Carolina from the negligent operation of one of defendant's aircraft, which crashed into a military aircraft carrying the decedent, a member of the Army Air Forces. The decedent was a citizen of Oklahoma at the time of his death. The plaintiff was duly appointed administrator by an Oklahoma court of competent jurisdiction.

Defendant moves to dismiss this action on five grounds.

The first ground, that the complaint fails to state a claim, is without merit.

The second ground, that the defendant, a Delaware corporation, is not subject to service of process in this district and has not been properly served, is without merit.

The third ground, that the action was brought in the wrong district, is without merit.

The fourth and fifth grounds, insofar as they maintain that this court lacks jurisdiction over the person of the defendant and that the venue is improper, are without merit.

The fourth and fifth grounds, insofar as they maintain that the court lacks jurisdiction of the subject matter and that the plaintiff lacks capacity to sue, will be considered herewith.

Defendant contends that under Rule 17 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and Section 2 of the Illinois Injuries Act (Ill.Rev.Stat.1943, c. 70, par. 2), plaintiff lacks the capacity to sue, in a federal district court in Illinois, for a wrongful death occurring outside of Illinois.

The Illinois act cited provides that no action shall be brought or prosecuted in an Illinois court for a wrongful death occurring outside Illinois where a right of action exists under the laws of the place where the death occurred and service of process may be had upon defendant in such place.

Federal Rule 17(b) provides that the capacity to sue of one suing in a representative capacity shall be determined by the law of the state in which the district court is held.

It is therefore the contention of the defendant that the application of the Illinois act under Fed. Rule 17(b) deprives an administrator of the capacity to sue in a federal district court in Illinois for a wrongful death occurring outside Illinois, unless the plaintiff shows that service of process cannot be had upon the defendant where the accident occurred.

As construed by the Illinois Supreme Court, the Illinois Injuries Act is not a survival statute, but creates a right for an administrator to sue in the interest of the deceased's next of kin for damages resulting to them, not to the deceased, from the accident. Ohnesorge v. Chicago Ry. Co., 1913, 259 Ill. 424, 102 N.E. 819. It therefore can have no extra-territorial effect. Wall v. Chesapeake & Ohio Ry. Co., 1919, 290 Ill. 227, 125 N.E. 20. In 290 Ill. 233, 125 N.E. 23, the court said: "* * * by comity this jurisdiction (over wrongful death cases) was extended to those cases where death by wrongful act occurred outside of our state and a right of action existed under the laws of the state where the death occurred. Our courts then provided the remedy. This proviso took away that remedy in 1903, and it no longer exists in this state." The proviso referred to is the one relied on by the defendant in the present case. In Dougherty v. American McKenna Co., 1912, 255 Ill. 369, 99 N.E. 619, L.R.A. 1915F, 955, Ann.Cas.1913D, 568, the court also indicated that paragraph 2 of the Illinois Injuries Act is a limitation on the jurisdiction of Illinois courts.

In Stephenson v. Grand Trunk Western R. Co., 7 Cir., 1940, 110 F.2d 401, 132 A.L.

R. 455, certiorari dismissed 311 U.S. 720, 85 L.Ed. 469, the administrator of decedents, who were citizens of Illinois, sued in the District Court of the United States for the Northern District of Illinois, for wrongful deaths occurring in Michigan. The defendant maintained that under paragraph 2 of the Illinois Injuries Act, the federal court had no jurisdiction. The Circuit Court of Appeals for this circuit held that such jurisdiction was proper, that state laws restricting the jurisdiction of state courts were inapplicable to federal courts, and that the rule of Erie Ry. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487, applied only to matters of substantive law, not to matters of jurisdiction.

The defendant in the instant case distinguishes the Stephenson case and other authorities on the ground that they arose prior to the effective date of the Federal Rules of Civil Procedure and were decided on the basis of public policy against limiting federal jurisdiction by state law. It contends that the case should turn on the capacity of the administrator to sue in the federal district court, and that the local law, applicable under Rule 17(b) deprives the administrator of such capacity.

■■ Defendant's argument is not persuasive. The Illinois Supreme Court, in construing the Illinois Injuries Act, has said that it created a right unknown at common law (Ohnesorge case) and that the proviso in paragraph 2 of the Act limited the jurisdiction of Illinois courts by abolishing the remedy for wrongful deaths occurring outside of Illinois, under certain conditions (Wall case). The capacity of a suitor is not the same concept as the jurisdiction of a court. Before the passage of the Injuries Act, an administrator could not sue for wrongful death because there was no right and no remedy, not because he lacked the capacity to sue.

The three federal district court cases cited by defendant in support of his "capacity to sue" argument are distinguishable on this basis. Diatel v. Gleason, D.C. S.D.N.Y., 1937, 22 F.Supp. 355, involved a suit by a New Jersey administratrix for a wrongful death resulting from an accident in New Jersey. On motion to dismiss because the administratrix was without ancillary letters of administration issued in New York and hence lacked the capacity to sue in New York, the court held that under New York law, only deaths occurring in New York may be sued on by a foreign administrator without ancillary appointment. The motion to dismiss was sustained, with leave to amend the complaint or commence a new suit if ancillary letters of administration were issued in New York. In Rejsenhoff v. Colonial Nav. Co., D.C.S.D.N.Y., 1940, 35 F.Supp. 577, at p. 578, a case involving similar facts, the court said: "New York does not permit foreign administrators to sue for damages for injuries suffered elsewhere and her law determines the capacity of the plaintiff in this court. Rule 17(b), Rules of Civil Procedure." The court sustained the motion to dismiss, with leave to amend the complaint to show that the accident happened in New York or that the administratrix had ancillary letters. Ballard v. United Distillers Co., D.C.Ky., 1939, 28 F.Supp. 633, also turned on the absence of a state statute permitting suit by a foreign administrator.

The above three cases, involving the technical qualifications of foreign administrators to appear in state courts, present a genuine question of capacity to sue. No such issue is presented in the instant case, where the statute involved is not one concerning the need for ancillary letters of administration, but, by the decisions of the Illinois Supreme Court, is a statute depriving Illinois courts of jurisdiction over certain wrongful death cases arising outside of Illinois. In Cooper v. American Airlines, 2 Cir., 1945, 149 F.2d 355, which distinguished the Diatel case on the ground that it was decided prior to the adoption of Fed. Rule 17(b), the significance of "capacity to sue" under Rule 17(b) was clearly indicated. The second Circuit Court of Appeals, allowing suit by an executrix appointed by a Pennsylvania court for a wrongful death occurring in Kentucky, although a New York court had refused to issue her ancillary letters, said that since an executrix is merely a nominal plaintiff, the beneficiaries in whose interest she sues should not be prejudiced by ousting the suit of the executrix, since, if the beneficiaries could have brought suit in their own names, their suit would not have been ousted. Under Illinois law, even the beneficiaries in the Cooper case could not maintain suit, were it technically possible, in an Illinois court, since jurisdiction over out-of-state deaths does not lie in an Illinois court.

Since the Illinois Injuries Act does not relate to capacity to sue, the defendant's motion to dismiss is denied. Rule on the defendant to answer within twenty days.